1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 LEO B. TURNER, Jr.,                          No.  2:25-cv-01417-TLN-SCR

12         Plaintiff,

13    v.                                        ORDER

14 YOLO POLICE DEPARTMENT, et al.,

15         Defendants.

16

17        Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

18 to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a request for leave to

19 proceed in forma pauperis ("IFP") and has submitted a declaration averring that he is unable to

20 pay the costs of this proceeding.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will

21 therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's

22 complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

23                              I.  SCREENING

24        A.    Legal Standard

25        The federal IFP statute requires federal courts to dismiss a case if the action is legally

26 "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

27 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

28 reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1  Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3       Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
7  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
8  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
9  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
10  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
13  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von
16  Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.
17  denied*, 564 U.S. 1037 (2011).

18       The court applies the same rules of construction in determining whether the complaint
19  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
20  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
21  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
22  less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the
23  court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.
24  U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of
25  a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
26  555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
28  state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

2

1  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

3  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

4  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

5  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

6     B.     The Complaint

7        Plaintiff's complaint appears to name two defendants: 1) the Yolo Police Department; and

8  2) the District Attorney (presumably also of Yolo County). ECF No. 1 at 2. Plaintiff alleges

9  there is federal question jurisdiction, but when asked to list the federal statute, treaty, or

10 constitutional provision conferring jurisdiction states: "Cruel and unusual punishment against a

11 disable person." *Id.* at 4. Plaintiff states that he seeks $200,000 due to "false incarceration." *Id.*

12 at 5. In the "Statement of Claim" portion of the form complaint, Plaintiff states that on "_____"

13 date he was unlawfully detained for assault with a deadly weapon. *Id*. at 5. Other portions of the

14 complaint appear to complain of property and jewelry being lost. *Id*. at 7. Plaintiff claims an

15 officer gave his storage key to a woman, and that his storage was broken into, and that the storage

16 manager had no video footage of who broke in. *Id*. at 10.

17    C.     Analysis

18       Plaintiff's claim appears to be based on an allegedly wrongful state court detention and/or

19 conviction as he asserts his incarceration was cruel and unusual punishment. Where a § 1983

20 action seeking damages alleges constitutional violations that would necessarily imply the

21 invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence

22 or conviction has been invalidated on appeal, by a habeas petition or through some similar

23 proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). *Heck*'s "favorable

24 termination" rule applies regardless of the form of remedy sought, if the § 1983 action implicates

25 the validity of an underlying conviction. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

26 Plaintiff's complaint is unclear as to the course of the criminal proceeding. Plaintiff contends he

27 was incarcerated, criminally charged, and that he appeared in court, but the allegations are unclear

28 as to whether he was convicted, or whether the alleged unlawful incarceration occurred pretrial.

1    Plaintiff's complaint is also unclear as to when the events occurred.  Multiple times

2    throughout the complaint, Plaintiff alleges the events occurred on "_____" date.  "Section 1983

3    does not contain its own statute of limitations."  *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir.

4    2019) (citation and internal quotation marks omitted).  Because § 1983 contains no specific

5    statute of limitations, federal courts borrow state statutes of limitations for personal injury actions

6    in § 1983 suits.  *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be

7    brought within a State's statute of limitations for personal-injury actions.").  In California that

8    period of limitations is two years.  *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir.

9    2024).  It is unclear if Plaintiff's claims are timely, as he has failed to allege any dates.

10    Additionally, Plaintiff also fails to state a claim under § 1983, in that he does not clearly

11    allege how his constitutional rights were violated.  "[Section] 1983 'is not itself a source of

12    substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

13    conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  A plaintiff alleging a claim under

14    § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of

15    rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993

16    F.3d 1134, 1144 (9th Cir. 2021).  Plaintiff references cruel and unusual punishment.  Plaintiff

17    therefore appears to invoke the protections of the Eighth Amendment.  The Eighth Amendment

18    prohibits cruel and unusual punishment and excessive bail and fines.  Plaintiff has not clearly

19    alleged facts supporting an Eighth Amendment claim.  There are no facts alleged about bail or

20    conditions of confinement.

21    Plaintiff named as a defendant the district attorney.  "State prosecutors are absolutely

22    immune from § 1983 actions when performing functions intimately associated with the judicial

23    phase of the criminal process."  *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir.

24    2016) (internal quotation and citation omitted).  Plaintiff has named as the second defendant the

25    Yolo Police Department.  A local governmental unit, such as the police department, is only liable

26    under § 1983 if a policy, custom, or practice caused the particular constitutional violation at issue.

27    *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ("[M]unicipalities,

28    including counties and their sheriff's departments, can only be liable under § 1983 if an

1    unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or

2    decision officially adopted and promulgated by that body's officers.'").

3        The Court concludes that Plaintiff fails to state a claim, but it is not absolutely clear that

4    leave to amend would be futile.  Plaintiff alleges at one point that, "the Judge presiding over this

5    particular case, said he wanted to press charges against the D.A. for false imprisonment."  ECF

6    No. 1 at 10.  The context for this alleged statement is unclear.  However, if Plaintiff was not

7    convicted and charges were dismissed, Plaintiff may be able to state a claim for his alleged

8    wrongful detention or for malicious prosecution.  Plaintiff is proceeding pro se and "[a] district

9    court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear

10    that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698

11    F.3d 1202, 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the

12    undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these

13    defects.

14                    II.  AMENDING THE COMPLAINT

15        If plaintiff chooses to amend the complaint, the amended complaint must contain a short

16    and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in

17    sequentially numbered paragraphs, with each paragraph number being one greater than the one

18    before, each paragraph having its own number, and no paragraph number being repeated

19    anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances"

20    where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their

21    complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

22    (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

23        The amended complaint must not force the Court or the Defendants to guess at what is

24    being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)

25    (affirming dismissal of a complaint where the district court was "literally guessing as to what

26    facts support the legal claims being asserted against certain defendants").  The amended

27    complaint should contain specific allegations as to the actions of each named defendant rather

28    than making conclusory allegations that the defendants collectively violated plaintiff's rights.

1    Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

2    amended complaint complete.  An amended complaint must be complete in itself without

3    reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

4    complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*

5    *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

6    supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

7    Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

8    original complaint, each claim and the involvement of each defendant must be sufficiently

9    alleged.

10    Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff should

11    clearly allege whether he was convicted on the criminal charges discussed in the complaint, and if

12    so whether the conviction has been invalidated on appeal, vacated, or otherwise set aside.

13    Plaintiff should also allege the dates on which the alleged unlawful incarceration occurred.

14    Plaintiff should also endeavor to, if possible, name the specific individuals involved.  If the

15    amended complaint names the police department as a defendant, Plaintiff must include allegations

16    to establish municipal liability.  In order to establish liability a plaintiff must show that a policy,

17    custom, or practice was the moving force behind the constitutional violation.  *See Hyun Ju Park*

18    *v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held

19    liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the

20    deprivation of a plaintiff's federally protected rights.").  !

21                                III.  CONCLUSION

22    Accordingly, **IT IS HEREBY ORDERED** that:

23    1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

24    2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

25        that addresses the defects set forth above.  If Plaintiff fails to timely comply with this

26        order, the undersigned may recommend that this action be dismissed.

27    ////

28    ////

6

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: June 20, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7