UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO B. TURNER, Jr., | No. 2:25-cv-01417-TLN-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| YOLO POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff failed to file a first amended complaint and failed to respond to the Court's Order to Show Cause. The Court now recommends that the action be dismissed for failure to prosecute and failure to comply with court orders.

**I.      Background and Procedural History**

On May 20, 2025, Plaintiff filed his complaint and a motion to proceed in forma pauperis. ECF Nos. 1 & 2. Plaintiff's complaint is unclear but alleges on "_____" date he was unlawfully detained. ECF No. 1 at 4. Plaintiff names as Defendants the Yolo Police Department and the District Attorney. *Id.* at 2. Plaintiff also asserts "cruel and unusual punishment against a disabled person." *Id*. at 4.

On June 23, 2025, this Court screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2) and found the complaint was deficient in that it was vague and unclear

1

and did not clearly state how Plaintiff's constitutional rights were violated.  ECF No. 3 at 4.  It also asserted a claim against a District Attorney who has absolute immunity when performing actions intimately associated with the judicial phase of criminal process.  *Id*. at 4.  Further, the other Defendant, Yolo Police Department, is a local governmental entity and Plaintiff did not allege an unconstitutional custom, policy, or practice.  *Id*.  The Court's order provided in relevant part that Plaintiff shall have 30 days to file an amended complaint that addresses the defects set forth in the order.  ECF No. 3 at 6.  The Order warned that failure to comply may result in a recommendation that the action be dismissed.  *Id.*

Plaintiff did not timely file a FAC, and on August 4, 2025 this Court issued an Order to Show Cause (OSC) which directed Plaintiff to show cause within 14 days as to why the action should not be dismissed for failure to file an amended complaint.  ECF No. 5.  The OSC cautioned that failure to respond would lead to a recommendation that the action be dismissed and cited to Fed. R. Civ. P. 41(b) and Local Rule 110.  Plaintiff's response was due August 18, 2025, and no response was filed.  However, because the OSC was returned as undeliverable, the Court has allowed additional time for Plaintiff to respond before entering this recommendation.  *See* Local Rule 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

**II.     Analysis**

Plaintiff did not timely file a FAC and has not responded to the Court's OSC.  Plaintiff was warned that failure to respond would lead to a recommendation that the action be dismissed.  ECF No. 5 at 2.  The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate.  In considering whether to dismiss a claim for failure to prosecute, the Court considers:  1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits.  *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was only filed five months ago, but Plaintiff has made only one filing since the inception of the action, which was a change of address form, filed over three months ago. Plaintiff's inactivity over the last five months and failure to respond to court orders favors dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for five months. The Court has issued a screening order and an order to show cause. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Given this case is only five months old, this factor does not weigh strongly in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives. As detailed above, the Court has previously issued an order to show cause and has cautioned Plaintiff that non-compliance with the Court's order would lead to a recommendation to dismiss the action. Additionally, the most recent OSC has been returned as undeliverable, indicating Plaintiff has failed to inform the Court of change of address in violation of Local Rule 183(b). The Court finds less drastic alternatives are not available. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.

1988) ("we can imagine no less drastic sanction that was available" other than dismissal without prejudice where the litigant had failed to update his address and any further order to show cause or order imposing sanctions "would only find itself taking a round trip tour through the United States mail."). The Court finds that lesser sanctions would be futile given Plaintiff's lack of participation in the litigation. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

### 5. Public policy favoring disposition of cases on the merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

### III. Conclusion

The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110 for Plaintiff's failure to prosecute this action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

////

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5